## THE QUICKSTEP.

### (District Court, D. Rhode Island. October 26, 1915.)

### Nos. 1324–1326, 1328, 1330–1332, 1335.

PAYMENT ☜39—APPLICATION OF PAYMENTS—RATIFICATION.

A debtor is bound by the application of a payment to unsecured instead of secured claims, although contrary to his directions when the payment was made, where on notice he assented to the application as made.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 104–114; Dec. Dig. ☜39.]

In Admiralty. Suit by the Mechanics' Foundry & Machine Company against the fishing schooner Quickstep, heard with seven other cases. Decrees for libelant.

Frank Healy, of Providence, R. I., for libelant.

Gardner, Pirce & Thornley and William H. Thornley, all of Providence, R. I., for claimant.

BROWN, District Judge. These eight cases were tried together and present a single question of application of payments.

The Atlantic Oil & Phosphate Company was indebted to the libelant upon accounts for which the libelant had maritime liens, and also upon accounts for which there were no liens. On December 31, 1913, the Atlantic Company sent its check for $400.59 to cover a special invoice of May 24, 1913, for supplies for which there was a lien. By letter of January 2, 1914, receipt of the check was acknowledged, but the drawer was notified that the check could not be applied on the

bill for which it was sent, and that "we are applying it to the oldest charges upon the account," etc.

The check was retained, and was paid.

We need not consider the sufficiency of the reasons given for making such application, nor whether as matter of law the Atlantic Company had the right to insist that the payment be applied as directed, for there is, in a letter dated February 18, 1914, evidence that the Atlantic Company subsequently assented to such application, and oral evidence to the same effect.

The statement in said letter,

"We are perfectly willing that for the unsettled balance due you may select such of the bills as would entitle your clients to maritime liens against our steamers, in order that your security for such unsettled balance may be as favorable to your clients as possible."

—and other expressions, indicate that after some controversy, and upon threats of litigation, the Atlantic Company acceded to the not unreasonable demand that, being in arrears on both classes of claims, its payments should first be applied to its unsecured debts.

I find that this agreement covered the entire matter, and was not intended to apply merely to a balance remaining after applying the check for $400.59 to the extinguishment of the amount of the invoice of May 24, 1913.

Even though the debtor had the right to direct the application of the payment in the first instance, and might have insisted that the retaining of the check discharged the claim for which it was sent, it did not so insist, but assented to the demand that the creditor should retain its maritime liens.

Upon the sixth paragraph of the answers I find against the claimant and in favor of the libelant in each case.

Draft decrees for the libelant may be presented accordingly.